IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 16-64-GMS |
| | ) | |
| BREYON RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, Graham L. Robinson and Whitney C. Cloud, Assistant United States Attorneys for the District of Delaware, and the defendant, Breyon Richardson, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1.    By this Plea Agreement, the defendant agrees to enter a voluntary plea of guilty in the United States District Court for the District of Delaware to Count Five of the Indictment, which charges him with Possession of a Firearm by a Person Prohibited by a Valid Protection from Abuse Order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2), punishable by a maximum penalty of ten (10) years of imprisonment, a $250,000 fine, or both; three (3) years of supervised release; and a $100 special assessment.

2.    The defendant understands that if there were a trial with regard to Count Five of the Indictment, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly possessed the firearm as charged; (2) at the time the defendant possessed the firearm, he was subject to a court order, issued after a hearing of which he received

actual notice, and at which he had an opportunity to participate; (3) the order restrained the defendant from harassing, stalking, or threatening an intimate partner and/or child of the intimate partner; (4) the order, by its terms explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner and/or child of the intimate partner that would reasonably be expected to cause bodily injury; and (5) the possession of the firearm was in or affecting interstate or foreign commerce. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count Five of the Indictment.

3.     The defendant is pleading guilty to the charge contained in Count Five of the Indictment because he is, in fact, guilty.

4.     Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two (2) offense level reduction under U.S.S.G. § 3E1.1(a) for the defendant's affirmative acceptance of responsibility is appropriate. If the defendant's offense level is 16 or greater, the United States will recommend an additional one point reduction under U.S.S.G. § 3E1.1(b).

5.     The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The District Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the District Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the defendant

expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6.    The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

7.    The defendant agrees to forfeit all interests in any and all property involved in the offenses charged in the Indictment, including, but not limited to: One (1) Remington Rifle, Model 770, .243 Caliber, Serial# M72020379; one (1) Federal .45 caliber round; twenty-one (21) 9mm Luger rounds; and twenty (21) .243 caliber Winchester rounds. The defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the District Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

8.    The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps requested by

3

the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

9.      The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 23 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set for in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

10.     The defendant agrees to pay the $100 special assessment on the day of sentencing. If the defendant is incarcerated as part of his sentence, and if the defendant has unpaid special assessment, fine, or restitution obligations when the defendant begins his period of incarceration, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt owed.

11.     This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or

may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

      12.    It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.


                                                    CHARLES M. OBERLY, III
                                                    United States Attorney

_Eleni Kousoulis_
Eleni Kousoulis, Esquire                   By: _____
Attorney for Defendant                       Graham L. Robinson
                                           Assistant United States Attorney

_Breyon Richardson_
Breyon Richardson
Defendant                                  Whitney C. Cloud
                                    Assistant United States Attorney

Dated: 11/7/16

      **AND NOW**, this ___7___ day of ___Nov___, 2016, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                Honorable _____
                                    Gregory M. Sleet
                                    United States District Court